WILLIAM COLEMAN, PLAINTIFF IN ERROR, V. ALEXAN-
DER RIRIE, DEFENDANT IN ERROR.

**Practice.** This case presents no question of law, and turning on a question of fact upon which there was conflicting testimony, the verdict and judgment will not be disturbed.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Smith & Beeson,* for plaintiff in error.

*A. W. Field,* for defendant in error.

COBB, CH. J.

This action was brought in the court below by the defendant in error against the plaintiff in error for the alleged want of proper care of a certain mule belonging to the defendant in error, hired to and used by the plaintiff in error, by which alleged carelessness and negligence the said mule became involved in a sudden rise of Salt creek, and being blind was unable to extricate himself and was drowned.

There is considerable evidence tending to prove the hiring of the said mule; its use by the plaintiff in error for a time; its being turned by him into a pasture partly inclosed by Salt creek, and also tending to prove that the turning of such an animal into that pasture at that time was an act of carelessness and negligence. There is also some testimony tending to prove that the bailment on the part of the said plaintiff in error of the mule in question had terminated; and that its loss was occasioned by the contributory negligence of the defendant in error in not taking the mule away and placing it in a secure pasture. All of this evidence was received without objection on

either part, and was fairly submitted to the jury by in-
struotions on the part of the court mutually agreed upon
by the parties.

While the jury would probably have been justified in
reaching a conclusion adverse to that which they did reach,
yet we cannot say that their conclusion is unsustained by
the evidence, it being a case quite evenly balanced as be-
tween the two parties.

There is no question of law involved, nor any reason
which would justify this court in disturbing the verdict
and judgment. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.